UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES WILLIAMS,

    Petitioner,

v.                                                  Case No. 8:20-cv-2608-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

**ORDER**

Charles Williams, a Florida prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 based on alleged failures of his trial counsel. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 8), and the reply, (Doc. 12), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Williams is also not entitled to a certificate of appealability.

**I.    BACKGROUND**

A state-court jury convicted Williams of kidnapping with a firearm and home invasion robbery with a firearm. (Doc. 8-2, Ex. 2, at 80–81.) The state trial court sentenced him to life in prison as a prison releasee reoffender. (*Id*. at 92–99.) The state appellate court per curiam affirmed the judgment and sentence. (*Id.*, Ex. 6.) Williams filed several state-court petitions and motions for collateral relief. (*Id.*, Exs. 8, 9, 17, 18; *see also id.*, Ex. 21, at 1–18, 21–38, 48–72, 179–89.) The state postconviction court and the state appellate court denied Williams relief. (*Id.*, Exs. 10, 13, 15, 16, 20, 23; *see also id.*, Ex. 21, at 19–20, 39–40, 43–44, 120–24, 194–99.)

1

**II.    ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

**A. The Petition's Untimeliness Under 28 U.S.C. § 2244(d)**

The state appellate court affirmed Williams's convictions on April 23, 2014. (Doc. 8-2, Ex. 6.) His convictions became final 90 days later, on July 22, 2014, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). On May 5, 2014—before his convictions became final—Williams had filed a motion to dismiss, arguing that his convictions were unlawful because the information failed to "invoke the jurisdiction of the State of Florida." (Doc. 8-2, Ex. 17, at 6.) On June 23, 2015, the state trial court granted Williams's request to voluntarily dismiss his motion. (*Id.*, Exs. 19, 20.) Respondent does not dispute—and this Court therefore assumes without deciding—that the motion to dismiss qualified as a "properly filed" postconviction motion that tolled the limitation period. (Doc. 8 at 9.) With that assumption, the AEDPA limitation period began running the next day. *See Sanmann v. Sec'y, Fla. Dep't of Corr.*, No. 5:12-cv-357-MP-GRJ, 2013 WL 6196557, at

2

*2 (N.D. Fla. Nov. 27, 2013) ("The limitations period was tolled until December 15, 2010, when Petitioner, through counsel, withdrew his 3.850 motion.").

After 310 days of untolled time, on April 29, 2016, Williams filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. 21, at 1–11.) The state postconviction court ultimately denied relief on January 12, 2018. (*Id.* at 123.) Williams did not appeal. As a result, the one-year clock was tolled until February 12, 2018, when the 30-day period to appeal the court's order expired. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

The limitation period resumed the next day, leaving Williams 55 days—or until April 9, 2018—to file his § 2254 petition. Williams did not file any additional tolling applications before that date. Instead, on December 7, 2018, Williams filed a successive Rule 3.850 motion, which the state court subsequently denied as untimely. (Doc. 8-2, Ex. 21, at 189, 198.) Because Williams filed this motion after the AEDPA limitation period had expired, it had no tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").[1] As a result, Williams's § 2254 petition, filed on November 4, 2020, is untimely under § 2244(d).

---

[1] The successive Rule 3.850 motion also had no tolling effect because it was denied as untimely under Florida law and thus was not "properly filed." *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) ("[A] state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law.").

### B. Equitable Tolling

Williams concedes that his petition is untimely. (Doc. 1 at 9; Doc. 12 at 1.) He contends, however, that he is entitled to equitable tolling because "he did not receive the trial transcript from his appellate counsel until the two-year time limitation expired to file a [R]ule 3.850 motion." (Doc. 12 at 1.) Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633

4

F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

Williams appears to seek equitable tolling from July 22, 2014, when his convictions became final, until August 2018, when his "appellate counsel" sent him a copy of the trial transcript. (Doc. 12 at 2; *see also* Doc. 8-2, Ex. 21, at 180.) He asserts that he sent counsel "multiple letters informing her that he cannot effectively litigate a state postconviction motion without the benefit of the trial transcript." (Doc. 12 at 2.) According to Williams, counsel's delay in responding left him "without any adequate recourse to challenge his convictions." (*Id.*)

These allegations are insufficient to establish that Williams is entitled to equitable tolling. Lack of access to "legal papers" is not an "extraordinary circumstance." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[P]eriods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."). In Florida, "[a]vailability of a transcript is . . . not necessary for the preparation of a legally sufficient motion for post-conviction relief." *Carr v. State*, 495 So. 2d 282, 282 (Fla. 2d DCA 1986); *see also Dorch v. State*, 483 So. 2d 851, 852 (Fla. 1st DCA 1986) (stating that in preparing a postconviction motion, a prisoner "must simply do the best he can from his recollection of the trial"). Likewise, a "properly file[d]" § 2254 petition need not "include citations to [trial] transcripts." *Gillman v. Sec'y, Fla. Dep't of Corr.*, 576 F. App'x 940, 944 (11th Cir. 2014); *see also* Rules Governing § 2254 Cases, Rule 2(c) (requiring only that a petition "state the facts supporting each ground" for relief).

Indeed, Williams fails to explain why he needed the trial transcript to pursue postconviction relief. In his § 2254 petition, Williams argues that trial counsel was ineffective for (1) failing to move to suppress a witness's in-court identification and (2) failing to seek exclusion of the victim's testimony about "an uncharged sexual assault." (Doc. 1 at 4–7.) Because Williams was present at the trial, he heard the testimony that underlies his ineffective-assistance claims. Thus, he could have raised those claims without transcripts. *See, e.g., Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (rejecting request for equitable tolling because petitioner "failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding").

For these reasons, Williams has not established that an extraordinary circumstance prevented him from timely filing his § 2254 petition. Therefore, his petition is time-barred.[2]

### III.   CERTIFICATE OF APPEALABILITY

Williams is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Williams must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Williams cannot satisfy the second prong of the *Slack* test. As Williams is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[2] Williams does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Court therefore **ORDERS** that Williams's petition for writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Williams and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 15, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge